## Hughes v. The Continental-Archbald Coal Company et al.

*Milton J. Kolansky*, for claimant.

*J. H. Oliver, Franklin B. Gelder* and *Anthony F. X. D'Iorio*, for defendants.

HOBAN, P. J., November 18, 1953.—Defendants and Commonwealth joined in appealing from a decision of the Workmen's Compensation Board affirming an award for total disability due to anthraco-silicosis, under the provisions of the Pennsylvania Occupational Disease Act.

These pertinent facts appear:

On July 11, 1951, claimant, who knew he had anthraco-silicosis to some degree, became ill at his work at the Continental Colliery of defendant coal company, had to cease work and never returned. On August 18, 19, 1951, claimant informed Sanders, superintendent of the Continental Mine, and Lamb, general manager of defendant company, that he was ill from minors' asthma (anthraco-silicosis) and could not work. On August 27, 1951, he filed a claim petition against Moffat Coal Company, asserting total disability as of July 11, 1951.

Claimant, who had been engaged in mining for 47 years, had worked continuously for 14 years prior to July 11, 1951, in the Continental Mine. It appears that up to 1944 the mine had been operated by the Moffat Coal Company, but from 1944 up to July 11, 1951, it was operated as a property of Continental-Archbald Coal Company, under the same general management as Moffat Coal Company, Lamb being the general manager of both corporations. During the pendency of the claim against Moffat Coal Company, claimant received medical treatment and advice, being finally advised by his family physician that at Thanks-

giving time 1951 he considered claimant then totally disabled. From this circumstance claimant sets the date of total disability in the case at bar as November 25, 1951.

The case against Moffat Coal Company proceeded to the point of hearing before Referee Donlan on August 21, 1952. Testimony of claimant and of Doctors McAndrew and Foy for claimant was heard. At the hearing the question of the proper corporate defendant was raised, and counsel for Moffat Coal Company moved to dismiss the claim. Counsel for claimant thereupon announced that he would file a new claim immediately. Accordingly a new claim petition, naming Continental-Archbald Coal Company, was prepared and filed with the board on August 22, 1952. This is now before us.

At the hearing of this petition it was agreed that the medical testimony offered in the hearing on the first petition could be considered as if given in this proceeding.

The referee found total disability due solely to anthraco-silicsosis as of November 25, 1951, and that the disease progressed to a point of disablement over a period in excess of five years. An award for total disability was made, and assessed 60 percent against the Continental-Archbald Coal Company and 40 percent against the Pennsylvania State Workmen's Insurance Fund. The board on appeal affirmed the award and the appeal to this court followed.

In this appeal appellants raise these questions:

1. Claimant is barred from receiving compensation because he failed to notify Continental-Archbald Coal Company within 90 days after the beginning of his alleged disability, as required by section 311 of the act.

2. Claimant is barred from receiving any compensation because he is not in fact totally disabled from anthraco-silicosis, as required by section 301(e) of the act.

3. Claimant is barred from receiving any compensation for failure to file his claim in this case within one year after the alleged disability began, as required by section 315 of the act.

As to proposition 1, appellants' theory is that the only notice given as to claimant's disability was that of August 18, 1951, which was in fact some three months prior to the actual date of established total disability which he alleges in the current claim petition. Appellants argue that a notice of impending or anticipated disability is not sufficient to comply with the notice requirements of the act, but under the general principles of construction of the Workmen's Compensation Laws as remedial legislation to be construed liberally to effect the purposes of the acts, it is quite clear claimant gave notice to responsible officials of both Continental-Archbald Coal Company and Moffat Coal Company that he was disabled by reason of anthraco-silicosis, even though incorrectly believing at the time that disability was then total and permanent. Furthermore, it is inconceivable that the officials of this company did not have continuing awareness and notice that during the pendency of the action against Moffat Coal Company he claimed total disability from whichever corporate entity was in fact his employer at the time he was obliged to quit work. All the purposes comprehended by the notice provisions of the act were, therefore, adequately served, and in our opinion it would be a harsh, unjust and conscienceless application of the notice rule to deny this claimant an opportunity to be heard on this petition because of the technical provisions of section 311 of the act.

As to proposition 2, there is competent and substantial medical evidence to support the finding that claimant was in fact totally and permanently disabled from anthraco-silicosis as of November 25, 1951. Evidence as to the degree of disability is controverted, it is true,

but we are required to view the evidence in the light most favorable to claimant. Granting there is competent evidence to sustain the finding, it is not our duty to balance the evidence nor substitute findings of fact for those made by the referee and affirmed by the board.

Proposition no. 3 rests upon the theory that if claimant is totally disabled from anthraco-silicosis, the actual date of disability must have been July 11, 1951. The argument is that claimant, having asserted that as the date of disability in his petition against Moffat Coal Company, cannot now disavow it and claim a later date so as to bring the current petition within the time limitation for filing his claim. We do not believe that claimant's effort at self-diagnosis or personal speculation as to the incidence or degree of his disability ought to destroy the value of competent medical evidence, which definitely fixes another date for the beginning of total disability. As to this matter, the opinion of Chairman Knoll of the Workmen's Compensation Board is significant:

"Although, in his first petition, claimant alleged total disability on July 11, 1951, claimant testified that he did not know that he was then disabled from anthraco-silicosis and that his doctor first advised him in November 1951 of his total disability from anthraco-silicosis. We believe that it would be unfair to claimant to hold that he knew that he was totally disabled from the disease on July 11, 1951, to impute to him a knowledge of total disability, the existence of which was denied by defendant's medical expert as of January 1953. In view of the conflict of medical opinion, we could not expect claimant to make a true diagnosis of the cause of his disability and we cannot regard his allegation of total disability as of July 11, 1951, as destructive of the credibility of the testimony on his behalf."

Obviously, if we accept, as did the referee and the board, the actual date of total disability as November 25, 1951, this petition clearly was filed within the prescribed period of limitation.

On the whole record and particularly considering the obvious interlocking relationship between Moffat Coal Company and Continental-Archbald Coal Company, we believe that defendants had adequate and proper notice of the claim for total and permanent disability from anthraco-silicosis; that the finding of total disability is supported by competent and substantial evidence, and that the claim petition was filed within the required time. Hence, the award of the Workmen's Compensation Board must be affirmed.

By brief counsel for defendant Continental-Archbald Coal Company advanced another proposition, to wit, that by the amendment of August 24, 1953 (Act No. 395) to the Act of June 21, 1939, P. L. 566, sec. 301($g$), it is provided that in the five-year development cases where disability or death is not conclusively proven to be the result of last exposure, all compensation shall be paid by the Commonwealth. No such conclusion was made here, nor was it required under the law prior to August 24, 1953. It is argued that since this portion of the act is procedural rather than substantive, it ought to apply to pending litigation. Here it is to be noted that the Commonwealth has not had an opportunity to argue this contention and if we thought there was merit in it, we would have to return the record to the Workmen's Compensation Board for review on this point. However, it is quite clear that this amendment imposing new and hitherto unknown liability on the Commonwealth, was passed not only after this action was commenced, but after the Workmen's Compensation Board rendered its opinion affirming the award of the referee. Any act of the legislature which imposes

a financial liability on the Commonwealth, or any other person for that matter, which had not hitherto been a legal responsibility of the Commonwealth or the party concerned, is certainly not procedural but substantive in nature and cannot affect any liabilities which accrued under the law as it stood before this amendment. We are not, therefore, warranted either in changing the rule as to the proportions payable by defendant coal company and the Commonwealth, or in returning the record to the board for further consideration.

Now, November 18, 1953, the appeal of defendant Continental-Archbald Coal Company and the Commonwealth of Pennsylvania from the decision of the Workmen's Compensation Board in the above-captioned case is dismissed, and judgment is directed to be entered in favor of claimant, in conformity with the award of the referee and the Workmen's Compensation Board. The form of definitive judgment is to be prepared by counsel for claimant, submitted for approval to counsel for defendant and the Commonwealth, and then to the court for signature.